UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA HACHMEISTER, ) | |
| ) | |
| Plaintiff, ) | 20 C 1479 |
| ) | |
| vs. ) | Judge Gary Feinerman |
| ) | |
| ROB JEFFREYS, individually and in his official ) | |
| capacity as Acting Director of the Illinois Department of ) | |
| Corrections, ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, DAVID GOMEZ, individually and in ) | |
| his official capacity as Warden of Stateville Correctional ) | |
| Center, STATE OF ILLINOIS, UNKNOWN ILLINOIS ) | |
| DEPARTMENT OF CORRECTIONS EMPLOYEES, in ) | |
| their individual capacities, UNKNOWN ILLINOIS ) | |
| DEPARTMENT OF CORRECTIONS AGENTS, in their ) | |
| individual capacities, UNKNOWN STATE OF ) | |
| ILLINOIS EMPLOYEES, UNKNOWN STATE OF ) | |
| ILLINOIS AGENTS, ILLINOIS PRISONER REVIEW ) | |
| BOARD, CRAIG FINDLEY, individually and in his ) | |
| official capacity as Chairman of the Illinois Prisoner ) | |
| Review Board, UNKNOWN ILLINOIS PRISONER ) | |
| REVIEW BOARD MEMBERS, in their individual and ) | |
| official capacities, UNKNOWN ILLINOIS PRISONER ) | |
| REVIEW BOARD EMPLOYEES, in their individual ) | |
| capacities, UNKNOWN ILLINOIS PRISONER ) | |
| REVIEW BOARD AGENTS, in their individual ) | |
| capacities, BILL PRIM, individually and in his official ) | |
| capacity as McHenry County Sheriff, UNKNOWN ) | |
| McHENRY COUNTY EMPLOYEES, in their individual ) | |
| capacities, UNKNOWN McHENRY COUNTY ) | |
| AGENTS, in their official capacities, and COUNTY OF ) | |
| McHENRY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Joshua Hachmeister brings this 42 U.S.C. § 1983 suit against the State of Illinois, the

Illinois Department of Corrections ("IDOC"), the Illinois Prisoner Review Board ("PRB"),

McHenry County, and various officials of those entities, alleging that they deprived him of his

1

constitutional rights by causing him to overserve time in state prison and by detaining him in county jail on an invalid parole hold. Doc. 38. Defendants move to dismiss the operative complaint under Civil Rule 12(b)(6). Docs. 47, 52. The motions are granted, though Hachmeister will be allowed to replead.

**Background**

In resolving a Rule 12(b)(6) motion, the court assumes the truth of the operative complaint's well-pleaded factual allegations, though not its legal conclusions. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court must also consider "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in the plaintiff's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted). The facts are set forth as favorably to Hachmeister as those materials allow. *See Pierce v. Zoetis, Inc.*, 818 F.3d 274, 277 (7th Cir. 2016). In setting forth the facts at the pleading stage, the court does not vouch for their accuracy. *See Goldberg v. United States*, 881 F.3d 529, 531 (7th Cir. 2018).

In July 2014, Hachmeister was convicted of aggravated driving under the influence ("DUI") and sentenced to five-and-a-half years in prison. Doc. 38 at ¶ 11. He was released from prison on parole in November 2015, with a parole discharge date in November 2017. *Id*. at ¶ 13. In September 2016—with over a year left on his parole—the Appellate Court of Illinois vacated his conviction. *Id*. at ¶ 14.

In September 2017, Hachmeister was charged with unlawful possession of a firearm and detained in McHenry County Jail. *Id*. at ¶¶ 15-16. In March 2018, he pleaded guilty to the

firearm charge as well as to the aggravated DUI charge, which was still pending after the state appellate court's decision. *Id*. at ¶ 17. Hachmeister received probation for the firearm offense. *Id*. at ¶ 18. He received a five-and-a-half-year sentence for the DUI offense, but because of the time Hachmeister had spent in prison on his original DUI conviction, he had only about two weeks of incarceration left. *Id*. at ¶¶ 18-19; Doc. 48-1 at 1. (The complaint alleges that Hachmeister received a "time served" sentence for DUI the second time around, Doc. 38 at ¶ 18, but the official McHenry County Circuit Court judgment shows that he instead received a sentence of five-and-a-half years, with credit for time served, Doc. 48-1. Additionally, Hachmeister's allegation of a time-served sentence is inconsistent with the complaint's own allegation that he had sixteen days of incarceration remaining at that time. Doc. 38 at ¶ 19. Hachmeister's counsel conceded as much at the hearing on the motion to dismiss. Doc. 58.)

After his sentencing, Hachmeister was transferred from McHenry County Jail to Stateville Correctional Center. Doc. 38 at ¶ 20. At that point, he was supposed to be released in just ten days' time, but he was told that he was not eligible for release until March 2019—a year later than expected. *Id*. at ¶ 21. Hachmeister lodged several complaints and was released from Stateville in May 2018, about two months later than he should have been released. *Id*. at ¶ 22.

Upon his release, Hachmeister was placed on parole, but the parole designation was improper. *Id*. at ¶ 23. Because Hachmeister was listed as a parolee, McHenry County detained him on a parole hold when he was arrested a month later for domestic battery. *Id*. at ¶ 24. Two months later, in August 2018, after Hachmeister argued that he should not be on parole, the PRB "determined that there was no probable cause that conditions of [his] release had been violated and that [his] time had been satisfied." *Id*. at ¶ 25. Hachmeister was released from McHenry County Jail the next day. *Id*. at ¶ 26.

Hachmeister brings this suit against multiple governmental entities and their employees. Doc. 38. Presumably related to the events at Stateville, he names as defendants IDOC; its Acting Director, Rob Jeffreys; David Gomez, the Warden of Stateville; and unknown IDOC employees and agents (collectively, "IDOC Defendants"). *Id*. at ¶¶ 4-5, 35-36. Presumably related to his parole status, he names the PRB; its chairman, Craig Findley; and unknown PRB members, employees, and agents (collectively, "PRB Defendants"). *Id*. at ¶¶ 7-8. Presumably related to his detention in McHenry County Jail, he names the County; its sheriff, Bill Prim; and unknown County employees and agents (collectively, "McHenry Defendants"). *Id*. at ¶¶ 9-10. Hachmeister additionally sues the State of Illinois and unknown state employees and agents. *Id*. at ¶¶ 5-6. He brings claims against all Defendants under § 1983 for false imprisonment under the Fourth Amendment and deprivation of liberty without due process under the Fourteenth Amendment. *Id*. at ¶¶ 27-33. He also alleges indemnification relationships within the several classes of defendants. *Id*. at ¶¶ 34-42.

McHenry Defendants move to dismiss the claims against them, Doc. 47, as do IDOC Defendants and PRB Defendants, Doc. 52. The court previously granted Hachmeister's motion to voluntarily dismiss the personal capacity claims against Jeffreys, who was not yet serving in his post during the relevant timeframe. Doc. 58; *see* Doc. 52-1 at 10; Doc. 56 at 4 n.1.

## Discussion

Hachmeister names eight parties as defendants, alleges in blanket fashion that each violated both his Fourth Amendment right to be free of unlawful detention and his Fourteenth Amendment right to procedural due process, and relates three distinct episodes that might give rise to his claims: (1) his overlong stay in Stateville; (2) his improper placement on parole upon being released from Stateville; and (3) his detention on a parole hold in McHenry County Jail.

4

Doc. 38. This gives rise to several dozen different permutations of possible claims—more still if claims against natural person defendants in their official and individual capacities are treated separately. And neither the complaint nor Hachmeister's opposition briefs are of much help in clarifying which episodes are attached to which defendants and which alleged constitutional violations. All that said, several circumstances suffice to warrant dismissal of all claims against all Defendants, without need to treat each possible permutation separately.

First, because Hachmeister seeks only monetary damages, Doc. 38 at pp. 5-6, many Defendants are immune from suit under the Eleventh Amendment. Those Defendants include: (1) the State of Illinois; (2) IDOC and the PRB; and (3) officials of those agencies sued in their official capacities—Acting Director Jeffreys, Warden Gomez, and Chairman Findley. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[T]he Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity.") (citation and footnote omitted); *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 (7th Cir. 2019) (explaining that Eleventh Amendment immunity "extends to state agencies and state officials in their official capacities"); *Owen v. Lash*, 682 F.2d 648, 654-55 (7th Cir. 1982) (Stewart, J.) (holding that the warden of a state prison is a state official for Eleventh Amendment purposes).

Second, a § 1983 claim against a natural person in his or her individual capacity must allege that individual's personal involvement in the violation of federal law. *See Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation.") (internal quotation marks omitted). But here, the complaint's factual allegations are devoid of any suggestion of personal involvement by any defendant in any of the relevant incidents. The sixteen paragraphs under the

5

"Facts" heading contain exactly zero references (by name or by title) to any person named as a defendant. Doc. 38 at ¶¶ 11-26. In particular, there is no mention of what role Warden Gomez played in Hachmeister's mistaken overstay at Stateville, *id*. at ¶¶ 20-22, no mention of what role Chairman Findley played in the decision to label Hachmeister as a parolee upon his release from Stateville, *id*. at ¶ 23, and no mention of what role Sheriff Prim played in Hachmeister's detention on parole hold in McHenry County Jail, *id*. at ¶¶ 24-26. This failure warrants dismissal of all of Hachmeister's individual capacity claims. *See McCauley v. City of Chicago*, 671 F.3d 611, 619-20 (7th Cir. 2011) (affirming the Rule 12(b)(6) dismissal of a § 1983 individual capacity claim because the complaint failed to "suggest that [the defendant] was personally involved in any of the events").

What remains are the claims against Sheriff Prim in his official capacity and those against McHenry County. *See DeGenova v. Sheriff of DuPage Cnty.*, 209 F.3d 973, 975-77 (7th Cir. 2000) (declining to afford Eleventh Amendment immunity to an Illinois county sheriff because "Illinois statutes make it clear … that when the Sheriff manages the jail, he is a county officer," not a state officer); *McCurdy v. Sheriff of Madison Cnty.*, 128 F.3d 1144, 1145 (7th Cir. 1997) ("[A] county or other local unit of government is not 'the state' for purposes of th[e] [Eleventh] amendment."). And although the complaint does not say which defendants are responsible for which incidents, Prim and the County are plausibly connected only to Hachmeister's detention in McHenry County Jail on a parole hold, so the court focuses on that episode.

The complaint alleges that the Sheriff and the County violated Hachmeister's Fourth Amendment rights when they "knowingly caused [his] detention without probable cause or any other justification." Doc. 38 at ¶ 28. But this conclusory legal allegation is belied by the complaint's factual allegations. Hachmeister admits that when he was released from Stateville,

6

he was placed on parole. *Id*. at ¶ 23. True, he claims that his placement on parole was "improper[]." *Ibid*. But there is no allegation that anyone in McHenry County was responsible for that (mistaken) parole determination. And if Hachmeister was in fact labeled as a parolee (even if he should not have been), it is impossible to see how the County would have lacked probable cause to detain him on a parole hold upon his arrest for domestic battery. The existence of probable cause is fatal to Hachmeister's false imprisonment claim as it pertains to the parole hold in McHenry County Jail. *See Abbott v. Sangamon Cnty.*, 705 F.3d 706, 713-14 (7th Cir. 2013) ("The existence of probable cause … is an absolute defense to any § 1983 claim … for false arrest or false imprisonment."); *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 344 (7th Cir. 2010) ("A § 1983 false imprisonment claim seeks damages for injury caused by the plaintiff's detention without probable cause.").

That leaves Hachmeister's procedural due process claim, which alleges that the Sheriff and the County "failed to create and/or follow policies to prevent the deprivation of liberty [he] experienced." Doc. 38 at ¶¶ 31-32. Hachmeister's conclusory allegation about a failure to follow policies is plainly insufficient, as the complaint does not allege or detail the existence of any policy to which the Sheriff and the County supposedly did not adhere. The most that can be made of the claim is that there *ought to have been* a policy in place under which the Sheriff, upon arresting an individual whom the State designated as being on parole, would undertake an independent investigation to determine whether the State's designation might be erroneous. It strains credulity, though, that the Fourteenth Amendment would demand such a procedure, and Hachmeister provides no authority suggesting that it does. Moreover, the availability of other routes for relief—such as an application to the PRB, the method in fact used by Hachmeister to secure his release from the parole hold—strongly suggests that there is no procedural due process

claim available. *See Figgs v. Dawson*, 829 F.3d 895, 906-07 (7th Cir. 2016) (holding that a procedural due process claim for an inmate's overstay in prison was unavailable because he "cite[d] no authority for the proposition that because he did not obtain immediate relief, his [state-law-afforded] remedy was inadequate"); *see also Armato v. Grounds*, 766 F.3d 713, 721-22 (7th Cir. 2014) (citing *Toney-El v. Franzen*, 777 F.2d 1224 (7th Cir. 1985), for the proposition that the existence of state law remedies can preclude a procedural due process claim for the plaintiff's overstay in custody).

In opposing dismissal, Hachmeister relies primarily on *Willis v. Tejeda*, 2016 WL 6822662 (N.D. Ill. Nov. 18, 2016). Doc. 51 at 3; Doc. 56 at 4-6. *Willis* involved a procedural due process claim against IDOC and PRB officials arising from the plaintiff's alleged overstay in state prison. 2016 WL 6822662, at *1-2. The court allowed the claim to proceed, rejecting the defendant's position (reprised by Defendants here) that *Toney-El* forecloses such a claim. *Id*. at *3-4. *Willis* is not binding authority. To the extent it is persuasive, it does not help Hachmeister because the complaint here looks nothing like the complaint in *Willis*. The complaint in *Willis* detailed exactly who was responsible for the alleged constitutional deprivation and explained exactly how the plaintiff's internal complaints were handled. *See Willis v. Tejeda*, No. 14 C 9150, ECF No. 44 at ¶¶ 17-18 (N.D. Ill.) (alleging the individual defendants to whom the plaintiff had communicated his grievances); *id*. at ¶¶ 26-27 (detailing the defendants' allegedly unconstitutional actions and the defects in the prison's procedures); *see also Willis*, 2016 WL 6822662, at *2 ("Plaintiff alleges that Defendants violated his due process rights by 'refusing to respond [to], ignoring, [and] misdirecting' him and 'interfering with [his] ability to obtain a fair, constitutional grievance process.'") (alterations in original) (quoting complaint). In

other words, the *Willis* complaint did not suffer from the fundamental flaws that plague Hachmeister's complaint. *Willis* therefore is inapposite.

The complaint's remaining counts relate to the indemnification responsibilities of the named defendants. Doc. 38 at ¶¶ 34-42. Because the substantive counts do not survive, there is nothing to indemnify.

## Conclusion

Defendants' motions to dismiss are granted. The operative complaint—which is the first amended complaint—is dismissed without prejudice to Hachmeister filing a second amended complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, … a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend … ."). Hachmeister has until March 31, 2021, to file a second amended complaint, and Defendants will have until April 21, 2021, to file their responsive pleadings. If Hachmeister does not replead, the dismissal will automatically convert to a dismissal with prejudice and judgment will be entered.

March 10, 2021

_____
United States District Judge

9